## HARDY *vs.* TONEY.

1. A child born of a female slave, after the making of the testator's will, but before his death, does not pass under the will to the legatee to whom its mother is bequeathed, but goes to the executor as property unbequeathed.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. Robert Dougherty.

This was an action of detinue, brought by John T. Toney against the plaintiff in error, to recover a slave named Amelia. The evidence showed that Thomas Hamilton, deceased, bequeathed by his will to his widow, Temperance Hamilton, during her life, a slave named Kissiah, and five other slaves, all of which were to be divided at her death among the testator's children and grand-children; that the slave sued for was a child of Kissiah's, and was born after the making of the will, but before the testator's death, and was in his possession at the time of his death; after the testator's death, one Sherwood H. Toney obtained letters of administration on his estate, and applied to the Orphans' Court for an order of sale of

the personal property not bequeathed; the order was granted, and the sale made; that the slave sued for was sold, and purchased by the widow for five dollars. The plaintiff also introduced a deed of gift from Mrs. Hamilton, the testator's widow, by which she conveyed the slave to the plaintiff as trustee for his wife, "Elizabeth Toney, and the lawful heirs of her body." It was shown by parol that the slave remained with Mrs. Hamilton during her life. The defendant objected to the admission of the deed, because it was not proved or acknowledged in open court. The court overruled the objection, and admitted the deed, and defendant excepted. The plaintiff also proved the value of the slave, and of her hire, and that she was in defendant's possession when the suit was brought. This was all the evidence. The court charged the jury that the slave in controversy did not pass under the will to Mrs. Hamilton for life, but that said Hamilton died intestate as to the slave; to which charge defendant excepted. The admission of the deed and the charge of the court are assigned for error.

BOLLING, for plaintiff in error.

GEO. W. STONE, contra.

CHILTON, J.—The only question in this case is, whether a child, born of a slave bequeathed between the time of making the will and the testator's death, goes with the mother to the legatee, or passes to the executor as property not bequeathed.

The general rule most unquestionably is, that the will takes effect from the death of the testator, and in the absence of words showing a contrary intention, must be construed as if made at that time. Lomax on Exrs. vol. 2, 152–3, and cases cited on the brief. A construction, therefore, which would make it relate back to a period anterior to the time when it takes effect, so as to pass property not named in it, cannot be indulged in this case, there being no expression of the testator which authorizes it. The Circuit Court very properly held that the child did not pass to the legatee.

Let the judgment be affirmed.